UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

EDWARD ALMONTE,                                          Civ. No. 04-4147 (ADM/SRN)

      Petitioner,

v.                                                      **REPORT AND RECOMMENDATION**

LISA J.W. HOLLINGSWORTH, Warden,
FCI-Sandstone, Minnesota

      Respondent.

_____

Edward Almonte, Federal Correctional Institution - Petersburg, P.O. Box 1000, Petersburg, Virginia, 23804, for Petitioner, pro se.

William H. Koch, Assistant U.S. Attorney, 300 South Fourth Street, Minneapolis, Minnesota, 55415, for Respondent.

_____

SUSAN RICHARD NELSON, United States Magistrate Judge

**THIS MATTER** came before the undersigned on Petitioner's Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1). The matter has been referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, this Court recommends that Petitioner's Writ of Habeas Corpus (Doc. No. 1) be denied and dismissed with prejudice.

### I. FACTUAL BACKGROUND

Mr. Edward Almonte is currently in custody at the Federal Correctional Institution in Petersburg,

1

Virginia ("FCI Petersburg").[1] (Notice of Change of Address (Doc. No. 13). Mr. Almonte was convicted in the United States District Court for the Southern District of New York of Conspiracy to Distribute and Possess with Intent to Distribute More Than One Kilogram of Heroin, in violation of Title 21 U.S.C. §846. (Declaration of Ann C. Kinyon ("Kinyon Declaration")), Attachment A, Public Information Data) (Doc. No. 10). On September 10, 1999, Petitioner received a 168-month prison term sentence followed by five years of supervised release. (Id.). Petitioner Almonte has a projected release date of December 12, 2009, after the application of accrued Good Conduct Time Credit ("good time credit"). (Id.). Respondent concedes that Mr. Almonte has exhausted his administrative remedies in regards to the calculation of his good time credit. (Id.).

Petitioner Almonte alleges that the Bureau of Prisons ("BOP") has failed to appropriately calculate his good time credits in accordance with 18 U.S.C. § 3624(b). (See Attached Petition for Writ of Habeas Corpus ("Attached Petition"), 3). Petitioner argues that the BOP has misinterpreted the federal statute that governs the award of good time credit, and has therefore miscalculated his projected release date. (See Id.). Specifically, Petitioner contends that the BOP should calculate his good time credit based on the length of sentence imposed, rather than calculating his good time credit based on the time actually served, the approach currently taken. (See Id., 12). Petitioner states that under the BOP's interpretation, he will receive only 47 days of good time credit per year instead of the full 54 days as intended by 18 U.S.C. § 3624(b). (Id., 3). Petitioner asserts that he is entitled to the full 54 days of good time credit for each year of his imposed sentence. (Id.).

---

[1] At the time of filing his Petition, Mr. Almonte was in custody at FCI Sandstone in Sandstone, Minnesota. (Habeas Corpus Petition Pursuant to 28 U.S.C. § 2241, ("Petition"), 1).

Respondent contends that Mr. Almonte's petition should be denied on the merits, because the BOP appropriately calculated the Petitioner's good time credit pursuant to 18 U.S.C. § 3624(b). For the reasons discussed below, this Court agrees with Respondent and recommends that Petitioner's Writ of Habeas Corpus (Doc. No. 1) be denied and dismissed with prejudice.

## II.  DISCUSSION

The issue before the Court is whether or not the BOP policy and practice of calculating good time credits based on time served, as opposed to the sentence imposed, is consistent with the good time credit statute, 18 U.S.C. § 3624(b)(1).  This Court finds the BOP's policy to be consistent with the good time credit statute.

Title 18 U.S.C. § 3624(b)(1), the statute governing the calculation of good time credit, states:

> "[A] prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations . . . credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence."

The BOP regulation interpreting § 3624 explains, "[p]ursuant to 18 U.S.C. 3624(b) . . . an inmate earns 54 days credit toward service of sentence (good conduct time credit) for each year served. This amount is prorated when the time served by the inmate for the sentence during the year is less than a full year." 28 C.F.R. § 523.20.

The BOP has interpreted the statute and regulation to mean that an inmate can earn 54 days of good time credit for each year that he is actually in jail.  Petitioner's position, however, is that he should get

54 days of good time credit for each year of the sentence imposed. A prisoner will earn less good time credit under the BOP's application of the statute because as the prisoner accrues good time credit, the length of the prisoner's actual imprisonment will always be less than his original sentence.

Under these provisions, at the end of each full year of a prisoner's actual imprisonment, the BOP determines whether the prisoner has met the requirements for good time credit and, if so, it may award him a credit of 54 days towards the remainder of his sentence.[2] For each year of actual imprisonment, on the anniversary of the commencement date of the prisoner's sentence, the 54 days are subtracted from the prisoner's release date, thereby advancing the prisoner's release date. Under the BOP policy, if the last portion of the prisoner's sentence is less than a year, the amount of good time credit he is eligible to receive for that portion of his sentence, is prorated based on the remaining time left to serve, as opposed to the sentence imposed. If a release date has been advanced, then the remaining time left to serve is less than the initially imposed sentence. Under the BOP policy, the amount of prorated good time credit that the prisoner is eligible to receive is less than if the prorated good time credit was calculated based on the rest of the sentence imposed, which the prisoner will not be serving due to the subtraction of the good time credit already awarded to the prisoner. Put differently, the BOP calculates good time credit based on time actually served and not the total length of the imposed sentence. A prisoner will not receive good time credit for those portions of his sentence he does not actually serve.

In the present case, the BOP calculated Petitioner's good time credit in accordance with that procedure. Petitioner contends that the BOP's policy of calculating good time credit based on the time

---

[2] The calculation method can be found in detail in the BOP Program Statement, which explains how the program works in various situations. See BOP Program Statement 5880.28.

actually served, as opposed to the sentence imposed, is contrary to the intent of Congress that prisoners are eligible to earn 54 days for each year of the term of imprisonment. (Attached Petition, 3). Petitioner alleges that his good time credit should be calculated based on the length of his sentence imposed, not on the time he would actually serve. (See Id., 12). The question before the Court is whether the BOP's practice of calculating good time credit based on time served, rather than sentence imposed, is consistent with § 3624(b). Specifically at issue is whether calculation of good time credit based on "time served" is consistent with the statutory language "term of imprisonment." Petitioner argues that "term of imprisonment" means the full term of the original prison sentence imposed by the trial court. The BOP contends that "term of imprisonment" means the number of days that the prisoner actually spends in prison - i.e. the number of days between the commencement date of the sentence and his final projected release date.

Petitioner's interpretation of the good time credit statute has been adopted in only a very small minority of district court decisions. White v. Scibana, 314 F.Supp.2d 834 (W.D. Wis. 2004); Williams v. Dwalt, 351 F.Supp.2d 412 (D.Md. 2004); Moreland v. Federal Bureau of Prisons, No. CIV.A. H-04-3658, 2005 WL 757154, (S.D.Tex. Apr. 1, 2005). Of these, only the White decision has been reviewed on appeal and then, it was reversed by the Seventh Circuit Court of Appeals, which upheld the BOP's interpretation of the statute. White v. Scibana, 390 F.3d 997 (7th Cir. 2004). The Seventh Circuit joined the Ninth Circuit Court of Appeals, which had previously upheld the BOP's construction of § 3624(b) in Pacheco-Camacho, 272 F.3d 1266 (9th Cir. 2001). The Court of Appeals for the First, Third, and Sixth Circuits have also agreed that the BOP's interpretation of the statute should be upheld. Perez-Olivo v. Chavez, 394 F.3d 45, 51-52 (1st Cir. 2005); O'Donald v. Johns, 402 F.3d 172 (3rd Cir. 2005); Brown v. Hemingway, 53 Fed.Appx 338, 2002 WL 31845147 (6th Cir. Dec. 16, 2002) (unpublished opinion),

cert. denied, 535 U.S. 1105 (2002).

There are numerous decisions by this District and other Districts that have also rejected Petitioner's interpretation of the good time statute, and upheld the BOP's position. See e.g., Boyer v. Hollingsworth, Civ. No. 04-1105 (JMR/RLE) (D.Minn., Report and Recommendation, dated Oct. 6, 2004); Whitfield v. Hollingsworth, Civ. No. 04-2730 (PAM/JSM) (reported at 2004 WL 3049763); James v. Outlaw, Civ. No. 03-5476 (RHK/FLN) (D. Minn. 2004); Casiano v. Hollingsworth, Civ. No. 04-3810 (JNE/SRN); Miranda v. Hollingsworth, Civ. No. 04-4265 (MJD/SRN); Parks v. Anderson, Civ. No. 03-3455 (JNE/SRN); Bush v. Anderson, Civ. No. 03-3535 RHK/JGL (D.Minn. 2003); Graves v. Bledsoe, 334 F.Supp.2d 906 (W.D.Va. 2004); Pasciuti v. Drew, 2004 WL 1247813 (N.D.N.Y. June 2, 2004); Loeffler v. Bureau of Prisons, 2004 WL 2417805 (S.D.N.Y. 2004); Sash v. Zenk, 344 F.Supp.2d 376 (E.D.N.Y. 2004); Martinez v. Wendt, 2003 WL 22456808 (N.D.Tex 2003).

Furthermore, this Court has already held that the BOP policy of calculating good time credit based on time actually served is consistent with § 3624(b). Casiano v. Hollingsworth, Civ. No. 04-3810 (JNE/SRN) (D.Minn, Report and Recommendation, dated April 7, 2005); Miranda v. Hollingsworth, Civ. No. 04-4265 (MJD/SRN) (D.Minn., Report and Recommendation, dated November 10, 2004); Parks v. Anderson, Civ. No. 03-3455 (JNE/SRN) (D. Minn., Report and Recommendation, dated December 5, 2003). Each of those decisions have been upheld by the District Court. Casiano, Civ. No. 04-3810 (JNE/SRN) (D.Minn, Order adopting Report and Recommendation, dated June 28, 2005); Miranda, Civ. No. 04-4265 (MJD/SRN) (D.Minn., Order adopting Report and Recommendation, dated December 30, 2004); Parks v. Anderson, Civ. No. 03-3455 (JNE/SRN) (D. Minn., Order adopting Report and Recommendation, dated January 15, 2004).    Most significantly, the reasoning and decision in James was

upheld by the Eighth Circuit Court of Appeals. James v. Outlaw, 2005 WL 677769 (8th Cir. March 24, 2005) (unpublished opinion). The court in James followed the Ninth Circuit's analysis in Pacheco-Camacho which involved the same challenge to the BOP's interpretation of Section 3624(b). James, Civ. No. 03-5476 (RHK/FLN) (D. Minn. 2004); Pacheco, 272 F.3d 1266 (9th Cir. 2001). The Court in Pacheco, reviewed the BOP's interpretation of the statute using the two step analysis set forth in Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837 (1984). Under Chevron, when a Court reviews a challenge to an Administrative Agency's interpretation of a statute, the Court must first examine the statute itself to determine whether "Congress has directly spoken to that precise question at issue," in a way that "the intent of Congress is clear." Pacheco, 272 F.3d at 1268, quoting Chevron, 467 U.S. at 842. If the intent of Congress is not clear and the statute is silent or ambiguous on the issue, deference is given to the agency's interpretation if it "is based on a permissible construction of the statute." Id., quoting Chevron, 467 U.S. at 843. The Ninth Circuit found, and courts have agreed, that Congress' intent is silent in the statute and the BOP's policy of calculating good time credit based on time served, rather than the sentence imposed, was a reasonable interpretation of the statute and, as such, should be given deference. Pacheco, 272 F.3d at 1272; James, Civ. No. 03-5476 (RHK/FLN) (D. Minn. 2004) at 9; See also Boyer, Civ. No. 04-1105 (JMR/RLE) (D.Minn., Report and Recommendation, dated Oct. 6, 2004) at 12; Bush v. Anderson, Civ. No. 03-3535 RHK/JGL (D.Minn. 2003) at 7; Brown v. Hemingway, 53 Fed.Appx 338, 2002 WL 31845147 (6th Cir. Dec. 16, 2002).

Citing the Seventh Circuit's reversal of White, the Ninth Circuit in Pacheco, and the Supreme Court in Chevron, the Eighth Circuit Court of Appeals concluded that the good time credit statute is ambiguous and the BOP's interpretation of the statue is reasonable:

> "We conclude that § 3624(b) is ambiguous because it does not clearly indicate whether a prisoner's good time credits are based on the time served in prison or the sentence imposed. Since the BOP regulation was adopted through the notice and comment procedure, it is entitled to deference under [Chevron], and we conclude that it is a reasonable interpretation of the statute."

James, 2005 WL 677769 (8th Cir. March 24, 2005) (unpublished opinion).

Based on the Eighth Circuit's ruling along with the authority and reasoning of all the cases cited above, this Court concludes that the phrase "term of imprisonment," as used in § 3624(b)(1), is ambiguous, and that the BOP's interpretation of that phrase is reasonable and should receive deference. Accordingly, the BOP's calculation of the Petitioner's good time credit based on time actually served should be upheld and the Petition for Writ of Habeas Corpus should be denied.

### III.  RECOMMENDATION

Based on all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner Almonte's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) should be **DENIED** and **DISMISSED WITH PREJUDICE**.


DATED: September 15, 2005              s/Susan Richard Nelson
                                       SUSAN RICHARD NELSON
                                       United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before September 29, 2005, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to ten pages. A judge shall make a de

novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.