UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Edward Almonte,

      Petitioner,

v.                                 **MEMORANDUM OPINION AND ORDER**
                                    Criminal No. 04-4147 ADM/SRN

Lisa J. W. Hollingsworth,
Warden of FCI Sandstone,

      Respondent.

___

Edward Almonte, *pro se*.

William H. Koch, Esq., Assistant United States Attorney, Minneapolis, Minnesota, on behalf of Respondent.

___

## I. INTRODUCTION

     This matter is before the undersigned United States District Judge on Petitioner Edward Almonte's ("Petitioner") Motion [Docket No. 17] for Extension of Time to File Objection to Magistrate Judge Susan Richard Nelson's Report and Recommendation ("R&R") [Docket No. 14] of September 15, 2005. The R&R recommends that Petitioner's Petition for Writ of Habeas Corpus ("Petition") [Docket No. 1] be dismissed with prejudice pursuant to Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts. For the reasons set forth below, Petitioner's Motion is denied and the R&R is reaffirmed. The procedural and factual background, described in the R&R, is incorporated by reference for review of the Petitioner's present Motion.

## II.  DISCUSSION

Because of Petitioner's unreasonable delay in filing his Motion for Extension of Time to File Objection, and because the Court finds the R&R was correctly decided, Petitioner's Motion is denied.

### A. Motion for Extension of Time to File Objection to R&R

Petitioner petitions the Court for an extension of the time allowed to file an Objection to the R&R of September 15, 2005.  Pursuant to the Local Rules and as expressly stated in the R&R, Petitioner was given a period until September 29, 2005 to file written objections to the R&R.  In his Motion, Petitioner claims that he was not able to file his objections until October 20th because of circumstances beyond his control.  Specifically, on September 22, 2005 Petitioner was placed in Special Housing for allegedly making a threat to a prison staff member, and was not released until October 1, two days after the filing deadline.  Petitioner's argument that it was not possible for him to file an Objection to the R&R while he was detained without access to his legal material is accepted, but the additional period of delay until October 20 is without explanation.  Because of the unnecessary delay in filing an Objection to the R&R after being released from Special Housing, Petitioner's Motion is denied.

### B. Dismissal of Complaint by R&R

Even if the Court were willing to grant the extension and allow the Petitioner to file an Objection to the R&R, the result would be the same, because the R&R was correctly decided.

In reviewing an R&R, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b).  A district judge "may accept,

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

In his Petition, Petitioner alleges that the Bureau of Prisons ("BOP") has misinterpreted 18 U.S.C. § 3624(b), the federal statute that governs the award of good time credit. Petitioner claims the BOP should calculate his good time credit based on the length of sentence imposed, rather than using the approach currently taken, which calculates credit based on the time actually served. Under the BOP's approach Petitioner is eligible to receive only 47 days of good time credit per year, instead of the 54 days he would receive if his good time were based on the total length of his imposed sentence.

Petitioner's interpretation of the good time statute has been adopted by district courts in the Fifth, Fourth and Seventh circuits. Moreland v. Federal Bureau of Prisons, No. CIV.A. H-04-3658, 2005 WL 757154 (S.D. Tex. April 1, 2005); Williams v. Dewalt, 351 F. Supp. 2d 412 (D. Md. 2004); White v. Scibana, 314 F. Supp. 2d 834 (W.D. Wis. 2004). Of these decisions, only the White decision has been reviewed on appeal, and it was reversed by the Seventh Circuit of Appeals which upheld the BOP's interpretation of the statute. White v. Scibana, 390 F.3d 997 (7th Cir. 2004). The Courts of Appeals for the First, Third, Sixth, and Ninth circuits have all agreed that the BOP's interpretation of the statute should be upheld. Perez-Olivio v. Chavez, 394 F.3d 45 (1st Cir. 2005); O'Donald v. Johns, 402 F.3d 172 (3d Cir. 2005); Brown v. Hemingway, 53 Fed. Appx. 338 (6th Cir. Dec. 16, 2002) (unpublished opinion); Pacheco-Camacho v. Hood, 272 F.3d 1266 (9th Cir. 2001), cert. denied, 535 U.S. 1105 (2002).

Other district court judges in this jurisdiction have held that the BOP policy of calculating good time credit based on time actually served is consistent with § 3624(b). Casiano

v. Hollingsworth, Civ. No. 04-3810 (D. Minn. June 28, 2005) (JNE/SRN); James v. Outlaw, Civ. No. 03-5476 (D. Minn. June 21, 2004) (RHK/FLN).  Significantly, the reasoning and decision in James v. Outlaw was recently upheld by the Eighth Circuit Court of Appeals.  126 Fed. Appx. 758 (8th Cir. 2005) (unpublished opinion).  In this decision the Court of Appeals followed the Ninth Circuit's analysis in Pacheco-Camacho, which involved the same challenge to the BOP's interpretation of § 3624(b).  Pacheco, 272 F.3d at 1267.

The Ninth Circuit in Pacheco reviewed the BOP's interpretation of the statute using the two step analysis set forth in Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984).  Under Chevron, a court reviewing a challenge to an Administrative Agency's interpretation of a statute must first examine the language of the statute to determine whether "Congress has directly spoken to that precise question at issue" in such a way that "the intent of Congress is clear."  Pacheco, 272 F.3d at 1268, quoting Chevron, 467 U.S. at 842.  If the intent of Congress is not clear and the statute is silent or ambiguous on the issue, deference is given to the agency's interpretation if it "is based on a permissible construction of the statute."  Id., quoting Chevron, 467 U.S. at 843.  The Ninth Circuit found that Congress has not manifested a clear intent in the statute, which is itself silent on this issue.  Pacheco, 272 F.3d at 1272.  As a result, courts have found that the BOP's policy of calculating good time credit based on time served, rather than the sentence imposed, is a reasonable interpretation of the statute, and should be given deference.  Id.  Citing the Seventh Circuit's reversal of White, the Ninth Circuit in Pacheco, and the Supreme Court in Chevron, the Eighth Circuit Court of Appeals concluded that the good time credit statute is ambiguous and the BOP's interpretation of the statute is reasonable.  James, 126 Fed. Appx. at 759.

In the present case, the R&R was correct in following the Eighth Circuit's ruling and finding that the phrase "term of imprisonment" as used in § 3624(b)(1) is ambiguous, and that the BOP's interpretation of that phrase is reasonable and should receive deference. This Court reaffirms the R&R upholding the BOP's calculation of Petitioner's good time credit based on time actually served and denying Petitioner's Petition for Writ of Habeas Corpus.

### III.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's Motion for Extension of Time to File Objection [Docket No. 17] is **DENIED**; and

2. The Order adopting the R&R [Docket No. 15] is **REAFFIRMED**.

BY THE COURT:


      s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  November 14, 2005.